1  Eric J. Benink, Esq., SBN 187434
   KRAUSE KALFAYAN BENINK & SLAVENS, LLP
2  625 Broadway, Suite 635
   San Diego, CA  92101
3  (619) 232-0331 (ph)
   (619) 232-4019 (fax)
4  eric@kkbs-law.com

5  Attorneys for Plaintiff

6

7

8                    UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10

11 | PERFECT 10, INC., a California        | CASE NO. **'11CV1416 MMAMDD**
   | corporation,                          |
12 |                                       | **COMPLAINT FOR COPYRIGHT**
   |              Plaintiff,               | **INFRINGEMENT**
13 |                                       |
   |       v.                              |
14 |                                       | **DEMAND FOR JURY TRIAL**
   | KALMET INVESTMENTS                    |
15 | LIMITED, a Seyshelles entity d/b/a    |
   | depositfiles.com; and DOES 1          |
16 | through 100, inclusive,               |
17 |                                       |
   |              Defendants.              |
18

COMPLAINT

Plaintiff Perfect 10, Inc. ("Perfect 10") avers:

## JURISDICTION AND VENU

1. <u>Jurisdiction</u>.  This action arises under the Copyright Act, 17 U.S.C. § 101 *et seq.* This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a) and (b).

2. <u>Venue</u>. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 (b)(2), (c), and § 1400(a).

3. <u>Personal Jurisdiction</u>. Personal jurisdiction is proper over the Defendant because the wrongful activity at issue concerns Defendant's operation of commercial businesses through which Defendant knowingly transacts business and enters into contracts with individuals in California, including within the County of San Diego.  Specifically, Defendant contracts with California customers to sell monthly memberships for their services, and receive much of their revenue directly from Paypal, a corporation with headquarters in San Jose, California.   Defendant, therefore, has purposefully availed itself of the privilege of doing business in California and in the United States, and material elements of Defendant's wrongdoing occurred in this State.

## THE PARTIES

4. Plaintiff Perfect 10 is a California corporation.  Plaintiff published the popular magazine PERFECT 10 and owns and operates the internet website located at <u>perfect10.com</u>.

5. Defendant Kalmet Investments Limited d/b/a depositfiles.com (hereafter "Kalmet" or "Depositfiles") is a Seyshelles entity.  It owns, operates, and/or controls the internet website located at depositfiles.com, among others, and has various advertising operations, data storage facilities, and other businesses, which among other things, copy, store, distribute, display, and profit from unauthorized copyrighted materials, and induces and assists others to infringe copyrighted materials.  The website depositfiles.com began operations

1 in 2006.

2     6.    Does 1 through 100, inclusive, which are businesses owned or controlled by Depositfiles or individuals affiliated with Depositfiles, either directly or indirectly profit from and/or directly or indirectly infringe or facilitate the infringement of Perfect 10 intellectual property, are sued herein under fictitious names because their true names and capacities are unknown to Perfect 10.

    7.    When Perfect 10 ascertains the Doe Defendants' true names and capacities, it will seek leave to amend this complaint to insert such true names and capacities.  Perfect 10 is informed and believes, and on that basis avers, that each Doe Defendant acted with Defendants and is responsible for the harm and damages to Perfect 10 herein averred.  Defendant and the Doe Defendants are referred to hereinafter collectively as "Defendants."

    8.    Perfect 10 is informed and believes, and on that basis avers, that at all times material herein, each of the Defendants was the agent and/or employee of the other Defendants, and, in doing the things herein averred, was acting within the course and scope of such agency and employment.

## THE BUSINESS OF PERFECT 10

    9.    The business of Perfect 10 consists of the design, creation, production, marketing, promotion, and sale of copyrighted adult entertainment products, including photographs, magazines, video productions, cell phone downloads, and other media.

    10.    Perfect 10 was the publisher of the well-known magazine PERFECT 10, but was forced to close that magazine because of rampant infringement.

    11.    Perfect 10 creates or created, and sells or sold, calendars and other merchandise featuring its images, and was involved in the licensing of downloads of images for cell phones, but is not currently earning revenue from

1 that endeavor because of rampant infringement.

2     12.    Perfect 10 owns and operates the internet website perfect10.com. Consumers are provided access to content owned by Perfect 10 and made available by payment of a membership fee of $25.50 per month.

    13.    Perfect 10's revenues are currently derived predominantly from sales of memberships to its perfect10.com website. Sales of memberships to the perfect10.com website are made by providing the customer with an individual user name and password to access the website.

    14.    <u>The Perfect 10 Copyrighted Works</u>:  Perfect 10 owns thousands of valuable and unique copyrighted photographs, as well as video productions and other proprietary materials, some of which are identified in Exhibit 1. As set forth in Exhibit 1, a substantial number of the copyrighted photographs are registered with the U.S. Copyright Office and others are pending registration. Perfect 10 owns the copyrights in and to these works (the "Perfect 10 Copyrighted Works"). An example of such a work which has been infringed by Defendants, is attached as Exhibit 2, and is covered under copyright registration TX 4-813-338, which covers Perfect 10 Magazine Vol. 3, No. 1. Perfect 10 has invested, and continues to invest, substantial sums of money, time, effort, and creative talent, to make and produce the Perfect 10 Copyrighted Works. In addition, in order to produce and sell the Perfect 10 Copyrighted Works, Perfect 10 is required to make numerous payments, including but not limited to model fees, photographer fees, location costs, styling costs, make up costs, printing costs, film and processing costs, travel costs, as well as distribution, public relations, legal, and advertising and promotion costs.

    15.    The success of Perfect 10's business is almost entirely dependent on its intellectual property rights. Therefore, the ongoing and massive infringements of Perfect 10's rights, as herein described, is devastating to, and threatens the existence of, Perfect 10's business.

## THE BUSINESS OF DEPOSITFILES

16. Depositfiles operates the internet website depositfiles.com, which is accessible throughout the United States and the world. Depositfiles.com is a pirate website that sells access to large amounts of unauthorized intellectual property to the public without paying the rightful owners of that property. Depositfiles and its users upload copyrighted and trademarked intellectual property (movies, songs, software, pictures, etc.) to its computer servers. After a file is uploaded, Depositfiles provides to its users a unique Uniform Resource Locator ("URL") which allows its users to view or download the file from the website. The URL's are disseminated throughout the internet by Depositfiles and its users, which enable anyone with the URL to access, copy, and download the intellectual property from Depositfiles's servers. In order to view, copy, or download such files from the Depositfiles website without waiting, and without any restrictions on the size of the files that can be downloaded or the amount that can be downloaded on any given day, the customer must purchase a membership, which costs as little as $12 per month. Depositfiles stores billions of dollars of pirated full-length movies, songs, software, and images on its servers. It elects to copy, distribute, and sell such pirated materials to hundreds of thousands of consumers, without permission and without compensating the rightful owners of those materials.

17. Depositfiles engages in a number of volitional acts, including but not limited to the following: 1) It uploads infringing materials to its website and/or pays third parties to do so; 2) it makes copies of known infringing materials and distributes them to its members; and 3) it sells access to infringing materials without paying the rights holders of those materials.

18. Depositfiles also offers a "remote upload" option, whereby at the instruction of a user, Depositfiles will enter a password-protected third-party website using that user's password, make unauthorized copies of copyrighted

1  material from that website, store such materials on its servers, and then make
2  copies of and distribute that material to its users.  Such conduct is illegal,
3  because a member of a password-protected website does not have the right to
4  authorize third parties such as Depositfiles to copy and distribute materials from
5  that website.

6        19.    Depositfiles is aware that its website is being used as a vehicle to
7  illegally copy and distribute large amounts of infringing materials, because it
8  does not have rights to anything that it copies and sells.  It certainly does not
9  have the right to copy and sell full length movies, popular songs, or Perfect 10
10 Images (which often display Perfect 10 copyright notices).   Depositfiles.com
11 has become among the 240 most popular websites on the Internet, primarily
12 because of the massive quantities of unauthorized copyrighted works that it
13 makes available to its members at far below what legitimate businesses that have
14 the rights to offer such materials charge.  Because it charges membership fees
15 for immediate access to billions of dollars of unauthorized copyrighted materials
16 stored on its servers, Depositfiles is a distributor and seller of pirated materials.

17       20.    In addition to its direct infringements as discussed above,
18 Depositfiles encourages, facilitates, induces, and materially contributes to the
19 infringements of its users through various "Loyalty" and "Bonus" programs.
20 These programs pay users with cash or "points" each time another user
21 downloads the file uploaded by the first user.  For example, if User A uploads
22 the movie "The Hangover," his account will be credited when User B downloads
23 the movie.   A user earns $30 or 1,000 points when a file is downloaded 1,000
24 times.

25       21.    In other words, Depositfiles induces its customers to post content
26 that is likely to be massively downloaded, such as high quality infringing nude
27 images and popular full length movies and songs.  Such activity very
28 substantially damages copyright holders, as Depositfiles does not pay them for

their works.

22. Numerous affiliate websites operated by Depositfiles customers ("Affiliated Infringing Websites") have received substantial payouts from Depositfiles for posting URLs of pirated materials stored on Depositfiles's servers. For example, the website cometwarez.clan.su offers a sample of infringing Perfect 10 copyrighted images and recommends that the user join depositfiles.com to download the complete set of infringing images. It offers other infringing materials owned by other copyright holders as well. "Warez" is jargon for pirated materials.

23. Depositfiles is not a legitimate file storage company and has none of the characteristics of one. Its terms and conditions do not discuss data backup procedures and, in fact, disavow any responsibility for data loss. In fact, Depositfiles's terms and conditions allow it to delete the users' account and all of its contents at any time without reason. The terms and conditions do not even provide a street address or telephone number. No legitimate file storage company will access third party websites as discussed above, and download copyrighted content from those websites en masse using an unauthorized user password. A site similar in operation to Depositfiles.com was recently characterized by the Congressional anti-piracy caucus as one of the six worst infringing websites in the world. Pirate websites such as depositfiles.com, which obviously infringe massive quantities of movies, songs, images, and other extremely valuable copyrighted works, and directly profit from the infringing activity over which they have complete control, were never meant to be eligible to receive a DMCA safe harbor. Furthermore, the depositfiles.com website does not identify the name, address, or phone number of its DMCA agent as required by 17 U.S.C. § 512(c)(2), making it ineligible for a safe harbor.

24. Among the materials that Depositfiles illegally stores, copies, distributes, sells, and displays, are thousands of Perfect 10 copyrighted images,

1  Perfect 10 videos.

2  25.   All of the Perfect 10 Copyrighted Works which Depositfiles and its
3  affiliates provide to consumers are used without authorization.  Depositfiles
4  engages in and facilitates the massive and ongoing violations of Perfect 10's
5  rights even though Depositfiles is aware that Perfect 10 never authorized or
6  consented to the use by Depositfiles of the Perfect 10 Copyrighted Works.

7  26.   Between April 22, 2011, and May 7, 2011, Perfect 10 sent to
8  Depositfiles five notices notifying Depositfiles that it was infringing a vast
9  collection of third party copyright works, Perfect 10 rights of publicity, and
10 Perfect 10 copyrighted works.  As far as Perfect 10 can determine, most of these
11 identified infringing works have not been removed.

12 27.   The materials residing on Depositfiles' servers act as a draw for the
13 users and it benefits financially as a direct result therefrom.  Depositfiles has the
14 right and ability to control the infringing conduct and its users and can terminate
15 their accounts.

16                         **FIRST CLAIM FOR RELIEF**
17                              **(Copyright Infringement)**
18                               **Against All Defendants**

19 28.   Perfect 10 re-avers and incorporates herein by reference each and
20 every averment of paragraphs 1 through 27 above as though fully set forth
21 herein.

22 29.   Perfect 10 is the owner of all right, title, and interest to each of the
23 Perfect 10 Copyrighted Works.  Perfect 10 has registered its works with the
24 United States Copyright Office.  Perfect 10 has been issued United States
25 copyright certificates, some of which are listed on Exhibit 1 attached hereto.

26 30.   Each of the Perfect 10 Copyrighted Works consists of material
27 original with Perfect 10 and each is copyrightable subject matter.

28 31.   Defendants have copied, reproduced, distributed, adapted, and/or

1  publicly displayed the Perfect 10 Copyrighted Works without the consent or
2  authority of Perfect 10, thereby directly infringing Perfect 10's copyrights.

3   32.   Defendants' conduct constitutes infringement of Perfect 10's
4  copyrights and exclusive rights under copyright in the Perfect 10 Copyrighted
5  Works in violation of Sections 106 and 501, et. seq. of the United States
6  Copyright Act, 17 U.S.C. §§ 106 and 501.

7   33.   Defendants have induced, caused, and/or materially contributed to
8  unauthorized copying, reproduction, adaptation, public display, and/or
9  distribution of the Perfect 10 Copyrighted Works.

10   34.   Defendants' conduct constitutes contributory infringement of
11  Perfect 10's copyrights and exclusive rights under copyright in the Perfect 10
12  Copyrighted Works.

13   35.   Defendants have directly profited from the infringement of Perfect
14  10's copyrighted works, and possess the right and ability to supervise their
15  directly infringing affiliates who provide them with customers by offering their
16  visitors Perfect 10 images, and suggest that the full set of images is available
17  through the depositfiles.com.

18   36.   Defendants' conduct constitutes vicarious infringement of Perfect
19  10's copyrights and exclusive rights under copyright in the Perfect 10
20  Copyrighted Works.

21   37.   The infringement of Perfect 10's rights in and to each of the Perfect
22  10 Copyrighted Works constitutes a separate and distinct act of infringement.

23   38.   The acts of infringement by Defendants have been willful,
24  intentional, and purposeful, in reckless disregard of and with indifference to the
25  rights of Perfect 10.

26   39.   As a direct and proximate result of the infringements by Defendants
27  of Perfect 10's copyrights and exclusive rights under copyright in the Perfect 10
28  Copyrighted Works, Perfect 10 is entitled to its actual damages and  Defendants'

1  profits pursuant to 17 U.S.C. § 504(b).

2      40.   Alternatively, Perfect 10 is entitled to statutory damages, pursuant
3  to 17 U.S.C. § 504(c).

4      41.   Defendants' conduct is causing and, unless enjoined and restrained
5  by this Court, will continue to cause, Perfect 10 great and irreparable injury that
6  cannot fully be compensated in money.  Perfect 10 has no adequate remedy at
7  law.  Pursuant to 17 U.S.C. § 502, Perfect 10 is entitled to injunctive relief
8  prohibiting further infringements of Perfect 10's copyrights.

9      42.   Perfect 10 further is entitled to its attorneys' fees and costs pursuant
10 to 17 U.S.C. § 505.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff Perfect 10 prays for judgment against Defendant, and each of the Doe Defendants, jointly and severally, as follows:

1.  That Defendant and their officers, agents, servants, employees, representatives, successors, and assigns, and all persons in active concert or participation with them, be temporarily, preliminarily and permanently enjoined from:

   a.  copying, reproducing, distributing, adapting, or publicly displaying the Perfect 10 Copyrighted Works;

   b.  posting Perfect 10 copyrighted photographs on the internet; and

   c.  inducing, causing, materially contributing to, and profiting from the foregoing acts committed by others.

2.  That Defendants be ordered to destroy all photographs, documents, and other items, electronic or otherwise, in its possession, custody, or control, that infringe the copyrights, trademarks, or rights of publicity of Perfect 10.

3.  That Defendants be ordered to remove all links between its website and all Affiliated Infringing Websites.

4. For an order of restitution and/or disgorgement in the amount of the benefit to Defendants by reason of their unlawful conduct, in an amount to be proven at trial, but not less than $5 million.

5. For Perfect 10's actual damages, in an amount to be proven at trial, but not less than $5 million.

6. For a full accounting of all profits, income, receipts, or other benefits derived by Defendants as a result of its unlawful conduct.

7. For statutory damages under the Copyright Act, in an amount to be proven at trial, but not less than $5 million.

8. For punitive damages.

9. For attorneys' fees and full costs.

10. For such other and further relief as this Court deems just and appropriate.

Dated:  June 28, 2011            KRAUSE KALFAYAN BENINK & SLAVENS, LLP.

By: */s/ Eric J. Benink*
    Eric J. Benink
    Attorneys for Plaintiff

## **DEMAND FOR JURY TRIAL**

Perfect 10 hereby demands a jury trial pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

Dated:  June 28, 2011

KRAUSE KALFAYAN BENINK & SLAVENS, LLP

By: */s/ Eric J. Benink*
      Eric J. Benink
      Attorney for Plaintiff

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
PERFECT 10, INC., a California corporation,

### DEFENDANTS
KALMET INVESTMENTS LIMITED, a Seyshelles entity d/b/a depositfiles.com; and DOES 1 through 100, inclusive,

**(b)** County of Residence of First Listed Plaintiff  Los Angeles
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
KRAUSE KALFAYAN BENINK & SLAVENS, LLP.
625 Broadway, Ste. # 635, San Diego, CA 92101; (619) 232-0331

Attorneys (If Known)

**'11CV1416 MMA MDD**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☒ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
17 U.S.C. § 101, et seq.
Brief description of cause:
Copyright Infringement.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 5,000,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____  DOCKET NUMBER _____

DATE: June 28, 2011
SIGNATURE OF ATTORNEY OF RECORD

### FOR OFFICE USE ONLY
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.    (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  (b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  (c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.    Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.    Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.    Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.    Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.    Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**          Example:     U.S. Civil Statute: 47 USC 553
                                                                                               Brief Description: Unauthorized reception of cable service

**VII.    Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.    Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.